IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIM YATES | ) Civil Action No.: | 2:17–cv–5994 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE JUICE FILMS, INC., t/a BLUE JUICE | ) | |
| COMICS; THOMAS E. MUMME; ROBERT | ) | |
| ADAM MILLER II; JEREMY SCHNEIDER; | ) | |
| MICHAEL MISCONI; JOHN DOES 1-10 and | ) | |
| ABC CORPS. 1-10 (such names being fictitious), | ) **COMPLAINT** | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Tim Yates, by and through his attorney, for his Complaint against the Defendants, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Tim Yates (hereinafter, "Plaintiff"), is an artist and a creator of comic books and images, residing in the State of New Jersey.

2. Upon information and belief, Blue Juice Films, Inc., t/a Blue Juice Comics, is a Florida corporation and does business in the State of New Jersey.

3. Upon information and belief, Thomas E. Mumme is a part-time resident of the State of Florida, an officer of Blue Juice Films, Inc., and regularly does business in the State of New Jersey while being physically present in the State.

4. Upon information and belief, Robert Adam Miller II is a resident of the State of Florida.

5. Upon information and belief, Jeremy Schneider is a resident of New Jersey and regularly does business in the State of New Jersey while being physically present in the State.

6. Upon information and belief, Michael Misconi is a resident of the State of Florida.

7. Upon information and belief, John Does 1-10 and ABC Corps 1-10, such names being fictitious, are other defendants who may bear liability but whose identities are as yet unknown.

8. This matter arises under the Lanham Act, the U.S. Copyright Act of 1976, federal and state statutory law, and New Jersey common law. Plaintiff seeks injunctive relief and actual damages, including Defendants' profits and Plaintiff's attorney's fees, under 15 U.S.C. 1117.

9. This Court has jurisdiction over these matters pursuant the 28 U.S.C. 1331, 28 U.S.C. 1332, 28 U.S.C. 1338, and 28 U.S.C. 1367.

10. Venue is proper in this matter because the Defendants do business in New Jersey, because the Defendants have committed torts which have caused harm in New Jersey, and pursuant to 28 U.S.C. 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

11. Defendant Blue Juice Films, Inc., t/a Blue Juice Comics (hereinafter, "Blue Juice") is owned and operated by co-defendants Thomas Mumme, Robert Adam Miller II, Jeremy Schneider, and Michael Misconi.

12. Defendant Blue Juice entered a partnership agreement dated October 4, 2013, with Plaintiff (hereinafter, the "Partnership Agreement") which establishes Plaintiff as the author of the "Anne Bonnie" comic book series, and requires Defendants to disburse monies from sales of same to Plaintiff.

13. The first issue of "Anne Bonnie" sold out quickly, and the "Anne Bonnie" comic book series was, and continues to be, critically well-received.

14. Defendants have derived significant revenue from selling the "Anne Bonnie" comic book series and related products and services.

15. Defendants have not tendered to Plaintiff any monetary compensation for their use of the

"Anne Bonnie" works.

16. Pursuant to the Partnership Agreement dated October 4, 2013, Plaintiff was actively involved in the decisions and direction of Blue Juice, and represented Blue Juice at trade events.

17. Subsequent to Plaintiff's execution of the Partnership Agreement dated October 4, 2013, Plaintiff disclosed Confidential Information to Defendants, including but not limited to confidential insights into his creative processes and methods, and his imagination.

18. Plaintiff's creative processes and methods are unique, valuable, and marketable skills.

19. On May 10, 2017, Defendant Tom Mumme sent Plaintiff an email which purported to unilaterally terminate the contract between Plaintiff and Defendants.

20. On August 3, 2017, Plaintiff served Defendants with a written demand for an accounting of the Anne Bonnie project.

21. As of August 9, 2017, Defendants have produced at least twenty-seven comic books and graphic novels, all with the active participation and authorship of Plaintiff. Blue Juice Comics has never published, produced, or acquired any original comic book work of art without the direct involvement of Plaintiff.

## COUNT ONE
### COPYRIGHT INFRINGEMENT

22. Plaintiff restates the foregoing as if specifically set forth herein.

23. Plaintiff is the owner of the copyright in the "Anne Bonnie" comic book series, each issue of which constitutes an original work of authorship.

24. Plaintiff is a credited co-author of the "Æther and Empire" comic book series.

25. Plaintiff is a co-author of the "Knights of the 5th Dimension" comic book series.

26. Plaintiff did not specifically authorize Defendants to copy, display, reproduce, redistribute, or perform certain original works of authorship of Plaintiff.

27. Defendants infringed Plaintiff's copyright in the "Anne Bonnie" comic book series, and did so "willfully" within the meaning of 17 U.S.C. 504(c)(2).

28. Defendants infringed Plaintiff's interest in the joint copyright in the "Æther and Empire" comic book series.

29. Defendants infringed Plaintiff's interest in the joint copyright in the "Knights of the 5th Dimension" comic book series.

30. Plaintiff has suffered actual damages as a direct and proximate result of the Defendants' infringement, including but not limited to lost sales, price erosion, and diminution in the value of Plaintiff's copyright.

## COUNT TWO
### TRADEMARK INFRINGEMENT

31. Plaintiff restates the foregoing as if specifically set forth herein.

32. Plaintiff created the characters and other elements of the "Anne Bonnie" comic book series, as well as certain visual identifiers by which consumers of comic books and related materials have come to associate Plaintiff's commercial offerings.

33. Plaintiff created elements of the "Æther and Empire" comic book series, as well as certain visual identifiers by which consumers of comic books and related materials have come to associate Plaintiff's commercial offerings.

34. Plaintiff created elements of the "Knights of the 5th Dimension" comic book series, as well as certain visual identifiers by which consumers of comic books and related materials have come to associate Plaintiff's commercial offerings.

35. The characters and other elements of the above-referenced comic book series, as well as certain visual identifiers by which consumers of comic books and related materials have come to associate Plaintiff's commercial offerings (hereinafter, the "marks") are inherently distinctive and

have acquired secondary meaning.

36. Plaintiff is the sole and exclusive owner of the trademark rights to the "Anne Bonnie" comic book series.

37. Plaintiff is the sole and exclusive owner of the trademark rights to certain elements of the "Æther and Empire" comic book series.

38. Plaintiff is the sole and exclusive owner of the trademark rights to certain elements of the "Knights of the 5th Dimension" comic book series.

39. On May 10, 2017, Defendants disclaimed and renounced any rights or interest they may have had in any and all trademarks involving the "Anne Bonnie" comic book series, and disclaimed and renounced any rights or interest they may have had in elements of the "Æther and Empire" and "Knights of the 5th Dimension" comic book series created by Plaintiff.

40. Defendants' use of the Plaintiff's marks is likely to cause confusion in the marketplace.

41. Plaintiff's goodwill and reputation is based on his own commercial use of his marks, and Plaintiff's commercial use of his own marks has become well known to the general public.

42. Defendants use Plaintiff's marks to exploit and misappropriate the goodwill and reputation of Plaintiff that is based on his own use of his marks.

43. Defendants have infringed on Plaintiff's trademark rights to the characters and other elements of the "Anne Bonnie" comic book series, as well as certain visual identifiers by which consumers of comic books and related materials have come to associate Plaintiff's commercial offerings.

44. Defendants' misuse of Plaintiff's marks is wrongful, intentional and deliberate.

45. Defendants' misuse of Plaintiff's marks is an attempt to pass off Defendants' products as those of Plaintiff; cause a likelihood of confusion as to the source, sponsorship, approval or

certification of Plaintiff's commercial offerings; and create a likelihood of confusion or misunderstanding among consumers as between Defendants' and Plaintiff's commercial offerings, and constitutes unfair competition.

46. The trademark infringement complained of herein has caused, and unless restrained and enjoined will cause, irreparable harm, damage, and injury to Plaintiff, for which no adequate remedy at law exists.

## COUNT THREE
### CONVERSION

47. Plaintiff restates the foregoing as if specifically set forth herein.

48. Plaintiff has valid rights in the "Anne Bonnie" comic book series, and certain elements of the "Æther and Empire" and "Knights of the 5th Dimension" comic book series.

49. Defendants have and continue to interfere with Plaintiff's intellectual property rights.

50. Defendants have and continue to interfere with Plaintiff's use and possession of monetary gain from the "Anne Bonnie" comic book series, and certain elements of the "Æther and Empire" and "Knights of the 5th Dimension" comic book series.

51. Defendants committed the foregoing intentionally.

52. Plaintiff has suffered monetary damages in excess of $75,000.01.

## COUNT FOUR
### UNJUST ENRICHMENT

53. Plaintiff restates the foregoing as if specifically set forth herein.

54. Defendants drafted and revised a form of Partnership Agreement between Defendants and Plaintiff.

55. Defendants solicited and induced Plaintiff to sign the form of Partnership Agreement prepared by Defendants.

56. The Partnership Agreement established Plaintiff as a "Managing Member" of Defendants' business ventures.

57. Defendants received money, property, and services belonging to and/or provided by Plaintiff subsequent to Plaintiff's execution of the Partnership Agreement.

58. Defendants benefited from the receipt of the aforementioned money, property and/or services.

59. Defendants have not disbursed any funds to Plaintiff as required by the Partnership Agreement.

60. Under principles of equity and good conscience, the defendant should not be permitted to retain the money and/or property and should be required to pay for the services.

61. Plaintiff is owed in excess of $75,000.01.

## COUNT FIVE
### BREACH OF CONTRACT

62. Plaintiff restates the foregoing as if specifically set forth herein.

63. Defendants entered a contract with Plaintiff.

64. Plaintiff performed his obligations under the contract.

65. As of August 9, 2017, Defendants have failed and refused to provide Plaintiff with an accounting of the Anne Bonnie project, as expressly required under the Partnership Agreement.

66. Defendants failed and refused to provide Plaintiff with an accounting within the time frame required under the Partnership Agreement.

67. Defendants have breached the contract by failing to address disagreement(s) through mediation.

68. Defendants breached their duties of fidelity as required by the Partnership Agreement.

69. Defendants breached the contract by disclosing proprietary, confidential information

concerning Plaintiff and his creative process, in direct and contumacious violation of Sections 13A, and 13B of the Partnership Agreement.

70. Defendants breached the contract by failing and refusing to remit or disburse any funds to Plaintiff as required by the Partnership Agreement.

71. Plaintiff has suffered actual damages as a direct and proximate result of the foregoing.

## COUNT SIX
### DEFAMATION

72. Plaintiff restates the foregoing as if specifically set forth herein.

73. Defendant Tom Mumme made false, defamatory statements of fact concerning Plaintiff.

74. Defendant Tom Mumme made statements of fact concerning Plaintiff that were defamatory *per se*.

75. Defendant Tom Mumme acted negligently in regard to ascertaining the truth or falsity of the statement before communicating the statement, or acted recklessly in disregard for the truth or falsity of the statement.

76. Defendant Tom Mumme knew or should have known that Plaintiff's creative process and methods employ his uncommon and remarkable imagination as a means of creating valuable, marketable art and other intellectual property.

77. Defendant Tom Mumme communicated the above-referenced statement(s) in emails and in oral conversations, and the party/ies to whom Tom Mumme communicated the statement understood that the statement(s) related to Plaintiff.

78. Defendant Tom Mumme's communication of the above-referenced statement(s) harmed Plaintiff's professional and personal reputations.

79. Defendant Tom Mumme's communication of the above-referenced statement(s) induced Blue Juice to tortiously harm Plaintiff.

80. As a result of the foregoing, Plaintiff suffered pecuniary damages.

## COUNT SEVEN
### NEGLIGENT MISREPRESENTATION

81. Plaintiff restates the foregoing as if specifically set forth herein.

82. Defendants made statements to Plaintiff concerning confidentiality, on which Plaintiff relied.

83. Defendant Tom Mumme made defamatory statements to Plaintiff's partners, knowing that Mumme's statement(s) would be used for a particular purpose or purposes.

84. Plaintiff's partners – i.e., the co-Defendants – relied on Mumme's statement(s).

85. Defendants knew or should have known that Plaintiff relied on their statements concerning confidentiality.

86. Defendant Tom Mumme knew or should have known that Plaintiff's partners relied on Mumme's statement(s).

87. Plaintiff suffered damage as a direct and proximate result of the foregoing.

## COUNT EIGHT
### INTERFERENCE WITH CONTRACT

88. Plaintiff restates the foregoing as if specifically set forth herein.

89. A valid contract existed between Plaintiff and Blue Juice.

90. Defendant Tom Mumme knew that Blue Juice had entered a contract with Plaintiff.

91. Defendant Tom Mumme intentionally procured a breach of contract by Blue Juice.

92. Plaintiff suffered damage as a direct and proximate result of the foregoing.

## COUNT NINE
### INTERFERENCE WITH PROSPECTIVE ADVANTAGE

93. Plaintiff restates the foregoing as if specifically set forth herein.

94. Defendant Tom Mumme induced co-Defendant Blue Juice to avoiding entering a contract

with Plaintiff to publish issues of the "Anne Bonnie" comic book series beyond issue number three.

95. Defendant Tom Mumme induced co-Defendant Blue Juice to avoiding entering a contract with Plaintiff regarding other artistic works that were not part of the "Anne Bonnie" comic book series.

96. Defendants actively and regularly communicated with Plaintiff regarding subsequent issues of the "Anne Bonnie" comic book series beyond issue number three.

97. Blue Juice would have entered one or more contracts with Plaintiff but for the interference by Defendant Tom Mumme.

98. Defendant Tom Mumme knew or should have known of the proposed contract between Plaintiff and Blue Juice.

99. Defendant Tom Mumme intentionally interfered with the proposed contract.

100. Tom Mumme interference was done by wrongful means.

101. Plaintiff suffered damage as a direct and proximate result.

## COUNT TEN
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

102. Plaintiff restates the foregoing as if specifically set forth herein.

103. Defendants volitionally entered a contract with Plaintiff, which contained an implied covenant of good faith and fair dealing.

104. The implied covenant of good faith and fair dealing in the contract between Defendants and Plaintiff encompassed all promises which a reasonable person in the position of the Plaintiff would be justified in understanding were included.

105. Defendants acted in a manner that deprived Plaintiff of the rights and benefits under the Partnership Agreement.

## COUNT ELEVEN
### BREACH OF FIDUCIARY DUTY

106. Plaintiff restates the foregoing as if specifically set forth herein.

107. A fiduciary relationship of trust and confidence existed between Plaintiff and Defendants based on the Partnership Agreement and the course of conduct by the parties over the course of many years.

108. Defendants owed Plaintiff a duty of utmost good faith and undivided loyalty.

109. Defendants breached their duties to Plaintiff, their partner.

## COUNT TWELVE
### REPLEVIN

110. Plaintiff restates the foregoing as if specifically set forth herein.

111. Defendants continue to hold Plaintiff's artwork and money.

112. Defendants continue to distribute Plaintiff's work without compensating Plaintiff.

113. Plaintiff has absolute title to possession of his artwork and money.

114. Plaintiff demands the return of his artwork and money.

## COUNT THIRTEEN
### CONCERT OF ACTION

115. Plaintiff restates the foregoing as if specifically set forth herein.

116. Defendants pursued a common plan or design to commit a tort upon Plaintiff, by active participation, aid, encouragement, and/or ratification of the wrong after the fact.

117. Defendants are jointly and severably liable for the harm suffered by Plaintiff.

## COUNT FOURTEEN
### QUANTUM MERUIT

118. Plaintiff restates the foregoing as if specifically set forth herein.

119. Plaintiff performed services for Defendants in good faith.


120. Defendants accepted and benefited from the services performed by Plaintiff.

121. Plaintiff performed services for Defendants with a reasonable expectation of compensation.

122. The reasonable value of the uncompensated services Plaintiff provided to Defendants is in excess of $75,000.01.

## COUNT FIFTEEN
### UNFAIR COMPETITION

123. Plaintiff restates the foregoing as if specifically set forth herein.

124. Plaintiff has a valid common law trademark for the name "Anne Bonnie."

125. Defendants routinely and falsely assert that "Blue Juice Comics" and its logos are registered trademarks of Blue Juice Comics.

126. "Blue Juice Comics" and its logos are not registered trademarks.

127. Blue Juice is not the sole and exclusive owner of the trademark rights to "Blue Juice Comics" and its logos.

128. Defendants claim ownership of the trademark rights to all elements of the "Anne Bonnie" comic book series, as well as all elements of the "Æther and Empire" and "Knights of the 5th Dimension" comic book series.

129. Blue Juice is not the sole and exclusive owner of the trademark rights to all elements of the "Anne Bonnie" comic book series, as well as all elements of the "Æther and Empire" and "Knights of the 5th Dimension" comic book series.

130. Defendants' activities constitute unfair competition under federal and state law.

## COUNT SIXTEEN
### CONSTRUCTIVE FRAUD IN CONTRACT

131. Plaintiff restates the foregoing as if specifically set forth herein.

132. Plaintiff entered one or more contracts with Defendants.

133. Plaintiff's compensation under the contracts was grossly inadequate and should shock the conscience of the court.

134. The contracts, the terms of which were unilaterally prepared by Defendants, constituted constructive fraud against Plaintiff.

135. Plaintiff has suffered damages as a direct and proximate result.

WHEREFORE, Plaintiff, Tim Yates, demands judgment in his favor, against Defendants, Blue Juice Films, Inc., t/a Blue Juice Comics, Thomas E. Mumme, Robert Adam Miller II, Jeremy Schneider, Michael Misconi and John Does 1-10 and ABC Corps 1-10, jointly and severably, awarding statutory and actual damages in excess of $75,000.01, lawful interest, treble damages, punitive damages, exemplary damages, attorneys' fees, all costs of litigation, and such other relief as the Court may deem just and equitable, together with an Order for injunctive and/or non-monetary relief and declaratory judgment under N.J.S.A. 2A:16-50 to-62, as follows:

A. Permanently enjoining each Defendant and all other persons who are active in concert or participation with each Defendant from continuing to infringe on Plaintiff's copyrighted works;

B. Permanently enjoining each Defendant and all other persons who are active in concert or participation with each Defendant from continuing to infringe on Plaintiff's trademarked works;

C. Order that each Defendant and their representatives, directors, agents, and employees deliver to Plaintiff for destruction and/or deletion all electronic media containing Plaintiff's trademarked works;

D. Order that each Defendant and their representatives, directors, agents, and employees deliver to Plaintiff for destruction and/or deletion all electronic media containing Plaintiff's copyrighted works;

E.    Declaration that each Defendant is jointly and severably liable for infringement of Plaintiff's copyrights and trademarks;

F.    Declaration that Defendants do not own the trademark rights to all elements of the "Anne Bonnie" comic book series, do not own the trademark rights to all elements of the "Æther and Empire" comic book series, and do not own the trademark rights to all elements of the "Knights of the 5th Dimension" comic book series.

G.    Order that Defendants compensate Plaintiff for the preparation and distribution of corrective advertising;

H.    Order an accounting of all infringement profits, and award exemplary damages;

I.    Permanently enjoining each Defendant and their representatives, directors, agents, and employees from further defamation;

J.    Permanently enjoining, pursuant to the terms of the Partnership Agreement and pursuant to law, each Defendant and their representatives, directors, agents, and employees from disclosing, in any manner, any information about Plaintiff that is confidential, or damaging, or not in the public domain.

K.    Compelling each Defendant and their representatives, directors, agents, and employees to cooperate with Plaintiff in his applications for federal trademarks and copyright registrations;

L.    Rescission and/or reformation of the contract(s) between Plaintiff and Defendants.

DATED:  August 9, 2017

Respectfully submitted,
Law Office of Donovan Bezer

　　/s/ Donovan Bezer　　
BY: Donovan Bezer, Esq.

ATTORNEY FOR PLAINTIFF
30 Park Avenue
Lyndhurst, New Jersey 07071
(201) 677-8693,   (201) 706-7644 fax
bezer.law@gmail.com